UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBEL FRANCSHESCO CAMACHO-DIAZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, Secretary of the Department of Homeland Security, et al.,<br>Respondents. | Case No.: 26-CV-3885-JAO (SBC)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>(ECF No. 1) |

Presently before the Court is Petitioner Wilbel Francshesco Camacho-Diaz's Petition for Writ of Habeas Corpus. ECF No. 1. Also before the Court are Respondents Markwayne Mullin's (Secretary of the Department of Homeland Security ("DHS")), Todd Blanche's (Acting Attorney General), Todd M. Lyon's (Acting Director, Immigration and Customs Enforcement ("ICE")), Jesus Rocha (Acting Field Office Director, San Diego Field Office), and Christopher LaRose's (Warden at Otay Mesa Detention Center) Response to Petitioner's Habeas Petition. ECF No. 4. For the reasons set forth below, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner, born in Venezuela, entered the United States around September 2023, upon which he was initially detained and then released into the country. *See* ECF No. 1

at 2–3. Once released, Petitioner received a work permit and worked as a waiter at a restaurant. *See id.* at 3.

On January 12, 2026, an immigration judge ordered Petitioner to be removed. *See id.* Petitioner had 30 days to appeal, which he did not do, so his order of removal became final on February 11, 2026. *See* ECF No. 4-4 at 2; ECF No. 5 at 2 (citing 8 CFR § 1241.1(c)). Petitioner was arrested by ICE at his workplace on April 4, 2026, during which he was told that he was to be removed to Ecuador. *See* ECF No. 1 at 3. Petitioner's removal order states he is to be removed to Uganda or, in the alternative, Ecuador. *See* ECF No. 4-4 at 2. Petitioner is currently detained at the Otay Mesa Detention Facility in San Diego, California. *See* ECF No. 1-3 at 3.

Petitioner claims that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231(a). *See* ECF No. 1 at 4. Respondents opposed the petition because Petitioner has been detained for only about three months and his arguments do not rebut the presumptively reasonable detainment period. *See* ECF No. 4 at 2–3. On August 12, 2026, the Court found that because Petitioner's removal order became final on February 11, 2026, his detention was no longer presumptively reasonable. *See* ECF No. 6. The Court then ordered the Respondents to submit supplemental briefing by August 14, 2026, which they did. *See id.*; ECF No. 7. In Respondents' supplemental briefing, they state there is no additional information to provide the Court. *See* ECF No. 7 at 1.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral

issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

**DISCUSSION**

When an alien is denied asylum, granted withholding of removal under 8 U.S.C. § 1231(b)(3), and ordered removed, they must be detained for ninety days (90) pending the government's efforts to secure their removal to a third country. *See* 28 U.S.C. § 1231(a)(2). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the petitioner's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

"[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

Section 1231(a)(1)(B) states that:

> The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The Court finds that Petitioner has satisfied his initial burden. Petitioner argues that no sufficient facts exist to establish a significant likelihood of removal in the reasonably foreseeable future. *See* ECF No. 1 at 2. Petitioner provides statistics to establish that he is unlikely to be removed to Ecuador or Uganda within a reasonable period of time. *See id.* at 5; ECF No. 5 at 2. Respondents did not present their own evidence to contradict Petitioner's facts, nor did they provide any evidence that Petitioner is likely to be removed any time soon. *See* ECF No. 4 at 2. Instead, Respondents argued that Petitioner has only been detained for three months and so his detention is presumptively reasonable. *See id.* at 1–2. The Court determined the presumptively reasonable calculation begins once the order of removal becomes final. *See* ECF No. 6 (citing *Baythavong v. Noem*, 26-cv-1138-DMS-MSB, at *23 (S.D. Cal. Apr. 6, 2026)).

Respondents do not point to any evidence that they have taken any action to effectuate removal of Petitioner. *See Grishchenko v. Noem*, 2025 WL 3675070, at *2 (S.D. Cal. Dec. 17, 2025) ("Respondents do not identify any potential countries which might accept Petitioner's third country removal, or any factors related to Petitioner or people like him which might make a future removal attempt successful when others have failed."). As Petitioner contends, since "the government does not even attempt to provide any evidence of removal in the reasonably foreseeable future, it has failed to rebut Mr. Camacho-Diaz's argument." ECF No. 5 at 4. The Court concludes that Respondents have failed to rebut Petitioner's showing that there is no significant likelihood of removal. Accordingly, the Court **GRANTS** Petitioner's Petition.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately release Petitioner from custody, subject to supervision under regulations prescribed by the Attorney General, including the requirements of 8 U.S.C. § 1231(a)(3). The Parties are **ORDERED** to file a Joint Status Report by August 21, 2026, confirming that Petitioner has been released.[1] As this concludes the litigation in this case, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: August 14, 2026

Jill A. Otake
United States District Judge

[1] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 1 at 17. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order. *See* 28 U.S.C. § 2412(d)(1)(B).